In re Jeffrey Steven FISHMAN.

Linda BILANDZIC, Plaintiff,

v.

Jeffrey Steven FISHMAN, Defendant.

Bankruptcy No. 96–42932 S.
Adversary No. 97–4160.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Dec. 10, 1997.

Charles Coleman, Little Rock, AR, for Creditor.

Geoffrey B. Treece, Little Rock, AR, for Debtor.

Richard Ramsay, trustee.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion for Summary Judgment, filed on October 28, 1997, to which the defendant debtor responded on December 1, 1997. The debtor defendant's response includes a motion to strike and a request that the Court defer ruling on the motion for summary judgment until the completion of discovery.

The complaint in this adversary proceeding contains numerous counts objecting to the debtor's discharge and to the dischargeability of a debt. Specifically, the plaintiff asserts that the debtor fraudulently obtained money from her such that the debt owed to her, evidenced by a $249,000 Illinois state court judgment, is nondischargeable in this bankruptcy case under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6). Plaintiff also objects to the debtor's discharge based upon false oath, failure to cooperate with the trustee, transferring property with the intent to hinder and delay creditors, failure to keep adequate books and records, failure to explain loss of assets, and disobeying lawful orders of court. *See generally* 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4)(A), (a)(4)(D), (a)(5), (a)(6). Plaintiff moves for summary judgment on all counts.

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct.

2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette. v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate only when a court·can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

█ While it is true that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole," *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555, questions involving a person's state of mind "are generally factual issues inappropriate for resolution by summary judgment." *Braxton–Secret v. A.H. Robins Co.,* 769 F.2d 528, 531 (9th Cir.1985). *Cf. McGee v. Hester,* 724 F.2d 89, 91 (8th Cir.1983). In the instant case, all but one of the stated causes of action under section 727(a) require a showing of the debtor's fraudulent intent. Although the motion for summary judgment is well-supported and argued, the importance of the discharge in bankruptcy and the intensely factual nature of determinations of intent require the Court to deny the motion as to the causes of action under section 727(a).

█ The motion for summary judgment as to the counts under section 523(a) poses a different problem, however, because the debt is evidenced by a judgment on a complaint asserting fraud. It is well-settled that collateral estoppel principles apply in dischargeability proceedings before the bankruptcy court. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Speight,* 16 F.3d 287 (8th Cir.1994); *Johnson v. Miera (In re Miera),* 926 F.2d 741 (8th Cir.1991). In applying the doctrines of *res judicata* or collateral estoppel, the Court looks not only to the judgment issued in the case, but also to the underlying pleadings and hearings. From all of these documents, the Court can discern what issues were litigated, tried and determined. It is not necessary that the judgment itself state each finding of fact for either *res judicata* or collateral estoppel to apply. Rather, the Court reviews the record of the earlier proceeding. *Miera* 926 F.2d at 743. This Court has before it the state court complaint, which makes the factual allegations of fraud, and the state court judgment, which not only imposes punitive damages, but makes the finding that the debtor acted with malice. The specific findings in the judgment and the imposition of punitive damages,[1] together with the complaint, present sufficient evidence for purposes of the single issue of whether the debtor acted fraudulently, wilfully and maliciously. *See Laughter v. Speight (In re Speight),* 167 B.R. 891 (W.D.Ark.1993), *aff'd,* 16 F.3d 287 (8th Cir.1994); 11 U.S.C. §§ 523(a)(2), (a)(4).

█. Although the plaintiff urges that the doctrine of *res judicata* applies, it appears that the correct doctrine to be applied is collateral estoppel. *See Speight,* 16 F.3d 287; *Rally Hill Productions, Inc. v. Bursack (In re Bursack),* 163 B.R. 302, 306 (Bankr. M.D.Tenn.1994); *cf. Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755. The plaintiff has demonstrated, as is her initial burden, that the doctrine of collateral estoppel applies to this case. The parties are the same and the issues are the same. Trial on each of the issues was held and concluded such that a valid and final judgment issued. Finally, the determinations relevant here, fraud, malice and wilfulness were necessary to the prior decision. *See Laughter v. Speight (In re Speight),* 16 F.3d 287 (8th Cir.1994)(elements of collateral estoppel). Since the state court judgment is based upon the same factual issues to be decided in the dischargeability proceeding, the state court finding is, in the normal course, entitled to collateral estoppel effect. *See Speight,* 16 F.3d 287.

█ The fact that the debtor did not appear at the trial in the state court fraud action does not by itself preclude application of collateral estoppel. In determining wheth-

---

1. The judgment imposed punitive damages, which necessarily required a determination of malice. Under Illinois law, wilfulness and malice are necessary facts to be decided in awarding punitive damages. *Boddie v. Litton Unit Handling Systems,* 118 Ill.App.3d 520, 74 Ill.Dec. 112, 455 N.E.2d 142 (1983).

er collateral estoppel applies to such a judg-, ment, it is necessary to look to the state rules of decision regarding the doctrine. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). The law in Arkansas regarding this issue is clear and consistent. For collateral estoppel purposes, a "judgment by default is just as binding and enforceable as judgment entered after a trial on the merits." *Reyes v. Jackson,* 43 Ark. App. 142, 861 S.W.2d 554, 555 (Ark.Ct.App. 1993). *Accord Arnold & Arnold v. Williams,* 315 Ark. 632, 870 S.W.2d 365, 369 (1994) (applying *res judicata* to default judgment); *Davidson v. Hartsfield,* 250 Ark. 1072, 468 S.W.2d 774, 779 (1971); *Murry v. Mason,* 42 Ark.App. 48, 852 S.W.2d 830 (Ark.Ct.App. 1993); *Williams v. Connecticut General Life Ins. Co.,* 26 Ark.App. 59, 759 S.W.2d 815 (1988) (applying *res judicata* to default judgment); *Meisch v. Brady,* 270 Ark. 652, 657, 606 S.W.2d 112, 114 (App.1980). Indeed, the policies underlying collateral estoppel require, in general, that a judgment, by default or after full defense, be given full faith and credit by this Court. *See Kapp v. Naturelle, Inc.,* 611 F.2d 703, 710 (8th Cir.1979) ("Kapp has neither adequately pleaded nor adequately proved that the state court default judgments were tainted with fraud. The state court [default] judgments finally adjudicated Kapp's liability ... and the doctrines of *res judicata* and full faith and credit required the bankruptcy court to honor those judgments and to allow the claims.").

■ Moreover, it is clear that the issues were "actually litigated." "Actually litigated" means that the particular fact or matter was distinctly put in issue and directly determined, *Brooks v. Arkansas–Louisiana Pipe Line Co.,* 77 F.2d 965 (8th Cir.1935); *Pulaski County v. Hill,* 97 Ark. 450, 134 S.W. 973 (1911); *Arkansas Dept. of Human Services v. Dearman,* 40 Ark.App. 63, 842 S.W.2d 449 (1992). The concept does not require that the defendant must necessarily be present at the state court proceedings or that a defense would be conducted on his behalf, in the sense of filing pleadings and/or appearing in Court. Were that the law, a default judgment would never have collateral estoppel effect in any court. The term "actually" indicates that the matter was directly

placed in issue, as distinguished from the *res judicata* requirement that a particular matter *might* have been litigated in the previous action. *See Lovell v. Mixon,* 719 F.2d 1373 (8th Cir.1983); *Sides v. Haynes,* 181 F.Supp. 889, 894–95 (W.D.Ark.1960). *See generally Rally Hill Productions, Inc. v. Bursack (In re Bursack ),* 163 B.R. 302, 306 (Bankr. M.D.Tenn.1994) (cogent discussion of "actually litigated"). Thus the doctrine of collateral estoppel is applicable despite the defendant's failure to appear at the trial.

For collateral estoppel purposes then, there has been a finding on the merits, by a court of competent jurisdiction, that the debtor acted fraudulently and wilfully and maliciously causing damage to the plaintiff. These issues were directly placed in litigation, not only on the liability portion of the judgment, but also litigated as a necessary and essential determination for purposes of an award of punitive damages.

■ However, the debtor has submitted arguments in rebuttal to the assertion of collateral estoppel. First, the debtor asserts that summary judgment should not be granted until such time as discovery has concluded. Inasmuch as the deposition of the plaintiff has not concluded, it appears to the Court that the better course in this particular case is to permit the debtor an opportunity to conclude his discovery and thereafter submit his evidence in rebuttal to this motion.

■ Second, the debtor implies that he did not have notice of the state court trial such that the doctrine of collateral estoppel should not be applied. Of course, in order to rebut the properly supported motion for summary judgement, the debtor has the burden of demonstrating that he was not properly served with notice of the trial. *Cf. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)(stating burden in rebutting properly supported motion for summary judgment). Although that has not been accomplished in the response, the Court will grant the debtor the opportunity to first conclude discovery and, thereafter, file his evidence in rebuttal to the motion for summary judgment.

Finally, the debtor indicates that he has initiated action in the Illinois state court to set aside the default judgment, apparently

based upon his assertion that he was not properly served with notice of the trial. Again, although the debtor has neither demonstrated that he is actually prosecuting such a motion, or that such a motion has merit, the Court will grant the debtor an opportunity to come forward with an affirmative showing of such evidence. *Cf. id.*

Based upon the foregoing, it is

**ORDERED:** as follows:

1. The plaintiff's Motion for Summary Judgment, filed on October 28, 1997, is denied as to all requests relating to Counts alleging causes of action under section 727(a) of the Bankruptcy Code.

2. The defendant's Motion to Strike, filed on December 1, 1997, is DENIED.

3. Determination of the plaintiff's motion for summary judgment as to requests for relief under section 523(a) of the Bankruptcy Code is hereby deferred, *see* Fed.R.Civ.Proc. 56(f), until the conclusion of discovery relating to the complaint. The defendant shall file and serve any supplemental brief, affidavits, or other evidence on or before December 22, 1997. The plaintiff may file and serve a reply on or before January 9, 1998. Thereafter, the remainder of the plaintiff's motion for summary judgment shall be under submission.

**IT IS SO ORDERED.**