**In re Randy GRAHAM, Debtor.**

**Balloon Society of St. Louis, Inc., Plaintiff,**

v.

**Randy Graham, Defendant.**

**Bankruptcy No. 99–51037–172.**
**Adversary No. 99–4284–172.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Jan. 17, 2002.

Robert E. Eggmann, Copeland, Thompson & Farris, Clayton, MO, for Debtor/Defendant.

Robert J. Blackwell, Blackwell & Associates, P.C., O'Fallon, MO, trustee.

Michael J. McKitrick, Danna McKitrick, P.C., St. Louis, MO, for Plaintiff.

### MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the motion of Balloon Society of St. Louis, Inc. ("Plaintiff") for summary judgment on its Adversary Complaint as Amended to determine the dischargeability of a judgment debt owed by Randy Graham ("Defendant" or "Debtor"). The determinations set out herein are based upon a consideration of the record as a whole, including the Debtor's responses to the Plaintiff's allegations, the legal memoranda, affidavits and other exhibits submitted by the Parties.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

For several years prior to the commencement of this Chapter 7 Bankruptcy

case, the Debtor was employed by the Plaintiff as its business manager, vice president and chief executive officer. The Plaintiff provided hot air balloon rides in the St. Louis area for a fee. The Debtor was terminated from his employment by David Rapp, the Plaintiff's President, on January 21, 1998, "for irregularities in the bookkeeping system, for failure to file the necessary tax returns, for failure to pay necessary taxes on payroll accounts, and for failure to disclose the correct income of the company." **Exhibit 3 to Memorandum in Support of Plaintiff's Motion for Summary Judgment,** Transcript of Motion for Default Judgment Hearing, January 8, 1999, page 7.

On October 7, 1998, the Plaintiff corporation and its president, David Rapp, filed a two count Petition in St. Louis County Circuit Court seeking damages from the Debtor. On the Plaintiffs' Motion for Default Judgment, and after the Plaintiffs submitted testimony and evidence on the record, the Circuit Court entered a Judgment and Order against the Debtor on January 8, 1999. As to Count I of the Petition, the Circuit Court found in favor of David L. Rapp, individually, and against the Debtor, and awarded Mr. Rapp the sum of $4,965.65. As to Count II of the Petition, the Circuit Court found in favor of the Plaintiff corporation and against the Debtor and awarded the Plaintiff the sum of $126,874.43. The Debtor had failed to file a response to the Petition, and had not appeared at the Circuit Court trial. This Adversary Proceeding addresses only the dischargeability of the judgment awarded to the Plaintiff corporation on Count II of the Circuit Court Petition.

In Count II of the Circuit Court Petition the Plaintiff alleged that as an officer and employee of the Plaintiff, the Debtor owed the Plaintiff a fiduciary duty of due care, honesty, loyalty and prudence in the exercise of his duties; that he breached his fiduciary duties by failing to keep adequate records of sales and by failing to withhold sales taxes; that he misappropriated the Plaintiff's funds; and that he converted property of the "defendant" for his own use.[1]

At the hearing on the Plaintiffs' Petition, the Circuit Court declared the Debtor to be in default, and proceeded with the hearing. The Court received sworn testimony from David L. Rapp, the president and sole stockholder of the Plaintiff here. Mr. Rapp testified that the Debtor had been the general manager of the business and essentially ran the day to day operations. The Debtor had performed all the bookkeeping activities and had hired most of the other employees.

As a result of a sales tax audit by the Missouri Department of Revenue, Mr. Rapp became aware of certain irregularities in the operation of the Balloon Society of St. Louis, Inc., including the fact that there had been no cash deposits to the company's bank account for the two years preceding the Debtor's termination; and that in lieu of cash payments, the Debtor had accepted certificates for meals to certain restaurants, and certificates from an oil change company, in exchange for certificates for balloon rides. The Debtor used the restaurant and oil change certificates for his personal benefit. Mr. Rapp also testified that the Debtor had failed to file company payroll tax returns that had been prepared by an accountant. As a result, the business incurred penalties for failure to pay taxes.

Mr. Rapp testified further that as a result of the examination of the company

---

1. The reference to property of the "defendant" is apparently an error. Other references in the Petition refer to property of the Plaintiff.

books, he determined that a cold air inflatable balloon and a personal computer were missing; and that the Debtor made unauthorized advances of corporate funds to himself for personal items. These actions were hidden from Mr. Rapp until the books were examined in connection with the audits. In his testimony, Mr. Rapp concluded that the Debtor's actions were intentional and calculated, because they were done surreptitiously. Mr. Rapp calculated that the amount of damages that resulted from these actions by the Debtor was $26,874.43. On the day that the Debtor left his employment with the Plaintiff, all bank deposit slips, all cash sales receipt tickets, and a book that contained the company's flight schedules were removed.

In response to questions from the St. Louis County Circuit Court, Mr. Rapp outlined the method used by the Department of Revenue and the company's accountant in determining the losses and constructing the damage amounts. In a separate affidavit submitted in support of the Circuit Court action, Mr. Rapp stated that the Debtor's actions described in the complaint were not authorized, that his actions "were fraudulent and the result of fraud or defalcation while acting in a fiduciary capacity for the sole purpose of embezzling and stealing monies and property belonging to the employer corporation or otherwise causing willful and malicious injury to plaintiff and its property." **Plaintiff's Exhibit No. 4**, Affidavit of David L. Rapp, December 8, 1998. The affidavit was part of the record that was submitted to the Circuit Court for its consideration prior to entry of the judgment. On January 8, 1999, the Circuit Court entered its "Judgment and Order" finding in favor of the Plaintiff on each count. **Plaintiff's Exhibit 2**, Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment, Document 16, filed August 18, 2000.

The Debtor commenced this Chapter 7 case by filing a voluntary petition for relief on October 15, 1999. This Adversary Complaint was filed on November 12, 1999 and amended on July 17, 2000. On July 24, 2000, the Debtor filed an Answer to the Amended Complaint that denied the Plaintiff's substantive allegations.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Fed. R. Bankr.P. 7056. The moving party bears the burden of proving the elements necessary to obtain a judgment. *Id.*

By filing the Chapter 7 Petition, the Debtor has requested that the Court enter a discharge of his obligations, including the debt that is the judgment awarded to the Plaintiff. In the Amended Complaint in this matter, the Plaintiff has responded to the Debtor's Chapter 7 Petition by arguing in part that the Debtor is collaterally estopped from re-litigating in the Bankruptcy Court the issues that had been previously decided in the State Court.

In the "Amendment of Complaint" filed on July 17, 2000 (Document No. 11), the Plaintiff substituted paragraph 10 of the original complaint with the following paragraph:

10. The debt owed by defendant to plaintiff is nondischargeable under Section 523(a) of the United States Bankruptcy Code.

The Plaintiff has argued that the evidence and documentation in this Adversary Proceeding have established that the State Court judgment is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, and

that it is not dischargeable under Section 523(a)(4). He has argued further that the doctrine of collateral estoppel should operate to bar relitigation by the Debtor of these substantive issues because they had been determined in the earlier State Court proceeding.

■ The doctrine of collateral estoppel provides that an issue judicially determined in one action may not be relitigated in another action. *Shahan v. Shahan,* 988 S.W.2d 529, 532 (Mo. Banc 1999). Collateral estoppel principles apply to preclude relitigation of issues in dischargeability proceedings before the bankruptcy court. See *Bilandzic v. Fishman,* 215 B.R. 733, 735 (Bankr.E.D.Ark.1997). In considering the applicability of the doctrine of collateral estoppel, a federal court is to refer to the preclusion law of the State in which the judgment was rendered. *Bay Area Factors, A Division of Dimmitt & Owens Financial, Inc. v. Calvert,* 105 F.3d 315, 317 (6th Cir.1997).

■■ In Missouri, the elements of collateral estoppel are: (1) the issue decided in the first action must be identical to the issue in the second action; (2) the prior litigation must have resulted in a final judgment on the merits; (3) the party to be estopped must have been a party to or in privity with a party to the prior adjudication; and (4) that party must have had a full and fair opportunity to litigate the issue in the prior suit. *St. Louis University v. Hesselberg Drug Company,* 35 S.W.3d 451, 455 (Mo.Ct.App.E.D.2001); *Scarborough v. Fischer,* 34 S.W.3d 263, 264 (Mo.Ct.App.W.D.2000), citations omitted. All four of the elements must be established if the doctrine is to apply.

Both res judicata and collateral estoppel are premised on a finding that there has been an adjudication *on the merits* in a prior proceeding. *Gall v. South Branch National Bank of South Dakota, of*

*Sioux Falls, S.D.,* 783 F.2d 125, 127 (8th Cir.1986).

■ The record here has not established that the prior Circuit Court litigation resulted in a judgment on the merits. The Debtor as the Defendant in the prior litigation failed to file an answer or other response and failed to appear at the trial. The Circuit Court judgment was a default judgment, and the matters that must be considered in this Adversary Proceeding were not at issue in the default proceeding. See *In re Quinn (Vaughn v. Quinn),* 170 B.R. 1013, 1016–1017 (Bankr.E.D.Mo. 1994). Absent a specific pre-emption by Congressional or legislative action, a default judgment is normally not given preclusive effect under the collateral estoppel doctrine because no issue has been actually litigated. *Meyer v. Rigdon,* 36 F.3d 1375, 1379 (7th Cir.1994); *Hangley v. American Family Mutual Insurance Company,* 872 S.W.2d 544, 547–548 (Mo. Ct.App.W.D.1994). A default proceeding is not a trial on the merits. *State of Missouri ex rel. Brooks Erection & Construction Company v. Gaertner,* 639 S.W.2d 848, 849 (Mo.Ct.App.E.D.1982). Having determined that one of the required elements has not been established, it is not necessary to address the three remaining elements of collateral estoppel.

The prior litigation having not resulted in a judgment on the merits, the doctrine of collateral estoppel does not operate in this Adversary Proceeding to preclude the Defendant from prosecuting his response to the Plaintiff's request to determine the dischargeability of this debt. The pleadings in this matter have shown that genuine issues as to material facts remain to be determined in this matter. The Plaintiff's motion for Summary Judgment will be denied.

*ORDER*

On consideration of the record as a whole, and consistent with the determinations set out in the Memorandum in this matter,

**IT IS ORDERED** that the motion of Balloon Society of St. Louis, Inc., Plaintiff, for Summary Judgment is denied; and

That this matter is continued and reset to *February 20, 2002 at 10:00 a.m. in the United States Bankruptcy Court, 7th Floor South, Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri* as a continued pretrial hearing to receive the Parties' requests concerning other and further proceedings in this matter.