In re Jason LESH Debtor.

Benjamin Skinner, Plaintiff,

v.

Jason Lesh, Defendant.

Bankruptcy No. 99–3236.
Related No. 99–33325.

United States Bankruptcy Court, N.D. Ohio.

Sept. 1, 2000.

James C King, Lima, OH, for plaintiff.

Raymond L Beebe, Toledo, OH, for Defendant.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

The instant cause is brought before the Court upon the Plaintiff's Motion for Summary Judgment on the Plaintiff's Complaint to Determine the Dischargeability of a Debt. The statutory basis upon which the Plaintiff relies for his cause of action is 11 U.S.C. § 523(a)(6), which provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In support of his Complaint to Determine Dischargeability, the Plaintiff presented to the Court, as evidence, a Judgment Entry from the Allen County Court of Common Pleas dated June 28, 1999, and a Certificate of Judgment issued therefrom. Set forth in the Judgment Entry entered by the Allen County Court of Common Pleas are that Court's findings of fact and conclusions of law, the following of which are specifically relevant to this case:

The Court finds that the plaintiff, along with other individuals were at a party at 2621 Adgate Road, Lima, Allen County, Ohio, on September 14, 1996; that defendant came to the party earlier in the evening and attempted to start a fight with the plaintiff and was told to leave; that later around midnight the defendant, who was with other individuals, returned and approached the plaintiff who was sitting on a deck with his back to the defendant; that defendant approached plaintiff through some trees and, with no legal justification, intentionally, knowingly, wilfully and maliciously assaulted the plaintiff with a whiskey or beer bottle; that the unprovoked assault by defendant caused severe physical harm to the nose and face of the plaintiff; that plaintiff never saw defendant or had an opportunity to defend himself and was rendered unconscious; that defendant fled the scene[.]

. . . .

The Court finds the witnesses of the plaintiff credible as to factual findings herein. The Court finds that the defendant for all intents and purposes committed a criminal act (Felonious Assault, O.R.C. § 2903.11). The Court finds plaintiff has sustained his burden of proof as set forth in the complaint.

. . . .

The Court has considered plaintiff's demand for punitive damages. The Court finds the defendant acted with 'actual malice' in that his state of mind was such that he acted with hatred, ill will or a spirit of revenge and further defendant acted with a conscious disregard for the rights and safety of the plaintiff that had a great probability of causing substantial harm.

. . . .

The Court enters judgment against the defendant, Jason Lesh, in favor of the plaintiff, Benjamin J. Skinner, in the total sum of $51,095.74, as follows:

| | |
|---|---|
| Medical bills | $ 6,095.74 |
| Past Pain & Suffering | 10,000.00 |
| Future Pain & Suffering | 10,000.00 |
| Permanent Injury | 10,000.00 |
| Punitive Damages | 15,000.00 |
| TOTAL JUDGMENT | $51,095.74 |

According to the Plaintiff, these foregoing findings of fact and conclusions of law, collaterally estop the Defendant, as a matter of law, from contesting the dischargeability of his debt to the Plaintiff.

## LEGAL ANALYSIS

The Plaintiff's Complaint to determine the dischargeability of the Defendant's Debt comes before the Court upon the Plaintiff's Motion for Summary Judgment. The standard for a summary judgment motion is set forth in FED. R. CIV. P. 56, which is made applicable to this proceed-

ing by Bankruptcy Rule 7056, and provides in pertinent part: A movant will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). When a party contests the dischargeability of a debt under § 523(a)(6) this entails establishing that there are no triable issues regarding whether the debtor's conduct was both willful and malicious. *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991); *Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987). However, upon the moving party meeting the foregoing burden, the nonmoving party may not thereafter rest upon his pleadings, but is instead required to set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In making the determination as to whether the parties have met their respective burdens, the Court is directed to view all the facts of the case in the light most favorable to the party opposing the summary judgment motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

■ As stated above, the Plaintiff argues that the doctrine of collateral estoppel precludes the Defendant from litigating in this Court whether the actions giving rise to the Plaintiff's claim arose from the Defendant's willful and malicious conduct. Collateral estoppel, which is sometimes referred to as "issue preclusion," prevents the same parties or their privies from re-litigating facts and issues in a subsequent suit that were fully liti-

gated in a prior suit. *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923 (1994). It is well established that collateral estoppel principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent re-litigation of issues that were already decided in a state court. *Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 415 (Bankr.N.D.Ohio 1998). However, when applying collateral estoppel principles from a state court judgment to a nondischargeability proceeding, the Supreme Court of the United States has held that the federal common law does not apply. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 374, 105 S.Ct. 1327, 1328, 84 L.Ed.2d 274 (1985). Instead, in a nondischargeability proceeding a bankruptcy court must, pursuant to the full faith and credit principles of 28 U.S.C. § 1738, give the same issue preclusion effect to a state court judgment as it would be given under that state's law. *Id.*

■ Under Ohio law, collateral estoppel comprises the following four elements:

(1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

(2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment;

(3) The issue in the present suit must have been identical to the issue involved in the prior suit; and

(4) The party against whom estoppel is sought was a party or in privity with a party to the prior action.

*In re Wilcox*, 229 B.R. at 416–17. After considering these elements as they relate to the facts and circumstances of this case, the Court agrees with the Plaintiff that the Judgment entered by the Allen County Court of Common Pleas satisfies the above elements, and thus the Defendant is precluded from litigating in this Court the issue as to whether his actions toward the

Plaintiff were both willful and malicious for purposes of 11 U.S.C. § 523(a)(6). In particular, it is the conclusion of this Court that, in accordance with Ohio's requirements for the application of the collateral estoppel doctrine, the Allen County Court of Common Pleas enumerated in sufficient detail the Defendant's culpable state of mind when he committed his transgressions against the Plaintiff so as to now preclude the Defendant from re-litigating that issue in this Court. This conclusion is further bolstered by, and is in conformance with, prior decisions issued by this Court. For example, in *Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 419 (Bankr. N.D.Ohio 1998), this Court held that when a court of competent jurisdiction makes a finding that a person has acted intentionally and maliciously under Ohio law, that such a person will be deemed for collateral estoppel purposes to have acted willfully and maliciously under the standards set forth in 11 U.S.C. § 523(a)(6). *See also Mutual Casualty Co. v. Chapman (In re Chapman)*, 228 B.R. 899 (Bankr.N.D.Ohio 1998); *Hinze v. Robinson (In re Robinson)*, 242 B.R. 380 (Bankr.N.D.Ohio 1999).

■ The Defendant, however, in his Reply to the Plaintiff's Motion for Summary Judgment, does not actually contest the applicability of the collateral estoppel doctrine. Instead, the main thrust of the Defendant's argument against the Plaintiff's Motion for Summary Judgment is that the Judgment rendered by the Allen County Court of Common Pleas should be set aside. Specifically, the Defendant asserts, "that there exists sufficient ground under the application of Ohio law for the Court to determine that the Judgment [rendered by the Allen County Court of Common Pleas] should properly be vacated under Rule 60(B) of Ohio Rules of Civil Procedure." (Defendant's Reply to Plaintiff's Motion for Summary Judgment at pg.

2). In support of this position, the Defendant furnished to the Court an affidavit in which a one Gordon W. Shaffer declared that the Defendant was not responsible for the Plaintiff's injuries. In addition, the Defendant contends that the Judgment against him should be set aside under OHIO R. CIV. P. 60(B) because he was not given a full and fair opportunity to litigate the state court suit brought against him. In particular, the Defendant points to the fact that he was Pro Se, and that his motion to continue the state court trial in order to obtain legal counsel was denied.

■ After considering the arguments espoused by the Defendant, however, it is this Court's position that regardless of the actual merits of these arguments, the Defendant's proper avenue of recourse is to seek redress through the Ohio state courts. Stated more succinctly, if the Defendant wishes to pursue a 60(B) motion for relief from judgment under Ohio's Rules of Civil Procedure, this Court is not the proper forum to bring such an action. This position is supported by two considerations. First, basic principles of federalism, comity, and the premise that state courts are not inferior to federal courts, dictate that valid state court judgments are not generally to be disturbed by any federal court. *Branam v. Crowder (In re Branam)*, 226 B.R. 45, 51 (9th Cir. BAP 1998). Second, it is a well-established principle of bankruptcy law that a bankruptcy court should be cautious when making any ruling that would in effect overturn a state court decision, as the bankruptcy courts were never intended to serve as an avenue through which litigants could collaterally attack[1] the validity of a state court judgment. *Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 538 (6th Cir. BAP 1999) *citing Besing v. Hawthorne (In re*

---

**1.** A collateral attack can be defined as an attempt to avoid, defeat or evade a judgment or deny its force and effect in some judicial proceeding not provided by law for the express purpose of reviewing it. *Capitol Indem.*

*Corp. v. St. Paul Fire & Marine Ins. Co.*, 357 F.Supp. 399, 410 (W.D.Wis.1972); *United Merchants & Mfrs. v. South Carolina Elec. & Gas Co.*, 113 F.Supp. 257, 262 (W.D.S.C. 1953).

*Besing)*, 981 F.2d 1488, 1496 (5th Cir. 1993); *see also 9281 Shore Road Owners Corp. v. Seminole Realty Co. (In re 9281 Shore Road Owners Corp.)*, 214 B.R. 676 (Bankr.E.D.N.Y.1997) ("[i]t is black letter law that the Bankruptcy Court cannot act as an appellate court to determine whether the State Court's decision was correct."); *Moore v. Gill (In re Gill)*, 181 B.R. 666, 672 (Bankr.N.D.Ga.1995) ("bankruptcy courts do not act as appellate courts of the state courts."). Instead, if a litigant feels that they have been aggrieved by an improper state court decision, their proper method of recourse is to seek redress through the state court judicial system. *See In re Crowder*, 37 B.R. 53, 55 (Bankr.S.D.Fla.1984) (a debtor's remedy for an erroneous ruling by a state court is to appeal the decision to the appropriate state court, not a collateral attack on the state court judgment in bankruptcy court). In this case, this concern is especially acute considering that the only unsecured debt that the Defendant listed in his bankruptcy schedules was his obligation to the Plaintiff.

In summary, the Court concludes that the findings of fact and conclusions of law made in the Judgment Entry entered by the Allen County Court of Common Pleas collaterally estop the Defendant from contesting the dischargeability of his debt to the Plaintiff. It is also this Court's position that if the Defendant wishes to have the Judgment against him set aside pursuant to OHIO R. CIV. P. 60(B), the Defendant should seek redress through the Ohio state courts. However, in this respect the Court observes that if the Defendant is successful in having the Judgment against him set aside, then the Plaintiff's Complaint to Determine Dischargeability will be rendered moot as there would exist no liability/debt in which to discharge. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that Motion for Summary Judgment submitted by the Plaintiff, Benjamin Skinner, against the Defendant, Jason Lesh, be, and is hereby, GRANTED.