In re Martin B. HYING, Debtor.

Karen Zimmermann, Plaintiff,

v.

Martin B. Hying, Defendant.

Bankruptcy No. 11–23557–jes.
Adversary No. 11–2494.

United States Bankruptcy Court,
E.D. Wisconsin.

Jan. 25, 2012.

Nathan I. Zimmermann, Zimmermann Law Office, S.C., Bayside, WI, for Plaintiff.

Martin B. Hying, Racine, WI, pro se.

### DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

#### Introduction

The issue presented is whether attorney's fees ordered by two Wisconsin state circuit judges and one Wisconsin assistant family court commissioner to be paid by debtor-Martin B. Hying ("defendant" or "debtor") to Atty Karen Zimmermann ("plaintiff") arising out of post-divorce contempt proceedings are nondischargeable. The parties to this adversary proceeding have stipulated that this is the sole issue. They also have stipulated to the essential underlying facts. This issue has been presented to this court on the plaintiff's motion for summary judgment and has been fully briefed.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

#### Factual Background

The defendant and Kimberly Niemi, formerly Kimberly Hying, were divorced on November 28, 2007. They have one minor child, Jillian. Following their divorce, the defendant and Kimberly became embroiled in a series of hotly contested contempt proceedings involving the care, custody, and welfare of Jillian. Kimberly was represented in all of these proceedings by the plaintiff. As a result of various proceedings in different courts, the following orders were issued imposing sanctions upon the defendant requiring him to pay Kimberly's attorney fees directly to the plaintiff:

1. Order dated June 18, 2010 of Judge Michael D. Guolee ordering payment of $1,000.

2. Order dated March 30, 2011 by Judge Bonnie L. Gordon ordering payment of $7,421.75 (which sum included the $1,000 previously ordered to be paid by Judge Guolee).

3. Order dated February 21, 2011 by Assistant Family Court Commissioner Ana M. Berrios–Schroeder ordering payment of $1,425.

These sanctions total $8,846.75.

On March 17, 2011, the defendant filed a petition in bankruptcy under chapter 7. He listed the attorney's fees ordered to be paid by him as a debt. On July 11, 2011, this adversary proceeding was filed, seeking nondischarge ability of such debt.

The plaintiff is represented in this adversary proceeding by Atty. Nathan I. Zimmermann. The defendant appears *pro se*.

#### Summary Judgment Standard

Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates Rule 56 of the Federal Rules of Civil Procedure and governs summary judgment in adversary proceedings. Summary judgment is

proper where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 321, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted). The primary purpose of summary judgment is to avoid trial where there is no genuine issue of material fact in dispute. *See Trautvetter v. Quick,* 916 F.2d 1140, 1147 (7th Cir.1990).

This matter is ripe for a ruling on plaintiffs motion for summary judgment.

### Parties' Arguments

Plaintiff argues that the attorney's fees ordered paid to her are nondischargeable as a domestic support obligation under 11 U.S.C. § 523(a)(5) and are "in the nature of support" within the meaning of "domestic support obligation" as defined under 11 U.S.C. § 101(14A).

Plaintiff further argues, in the alternative, that, even if the attorney's fees owed to her are not a domestic support obligation, they are nondischargeable under 11 U.S.C. § 523(a)(15) as a debt other than a domestic support obligation arising in connection with a divorce decree or other order of a court of record.

In response, the defendant contends that his obligation to pay the legal fees to the plaintiff is not a domestic support obligation under § 523(a)(5). He states that, to qualify as a domestic support obligation under 11 U.S.C. § 101(14A), the debt must be "owed to a spouse, former spouse, or child of a debtor," which category does not include the plaintiff.

The defendant has raised numerous other arguments, which includes the following:

1. The state court contempt orders are invalid as being in violation of the Milwaukee County court rules and Wis. Stats. § 808.075(3).

2. The purpose of bankruptcy is to provide a fresh start for debtors and that exceptions to discharge must be strictly construed against creditors and in favor of debtors.

3. Construing this debt as nondischargeable would create an undue hardship upon the defendant in violation of § 523(a)(8).

4. Plaintiff may be "double dipping" because she may have already collected her fees from Kimberly.

### Analysis

The key issue in this case centers upon 11 U.S.C. §§ 523(a)(5) and 523(a)(15). These sections state, in relevant part, the following:

§ 523 Exceptions to discharge.

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . .

(5) for a domestic support obligation;

. . .

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit. . . .

The term "domestic support obligation" as contained in § 523(a)(5) is defined under 11 U.S.C. § 101(14A) as follows:

§ 101 Definitions

In this title the following definitions shall apply:

. . .

(14A) the term "domestic support obligation" means a debt that accrues before, on, or after the date of the order

for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

### Sec. 523(a)(5)

Sec. 523(a)(5) excepts from discharge debts for a "domestic support obligation" as defined by § 101(14A) and requires the plaintiff to establish the following elements:

1. a debt owed to or recoverable by debtor's former spouse,

2. in the nature of alimony, maintenance, or support,

3. established by a court order, and

4. not assigned to a governmental unit. The fourth element—not assigned to a governmental unit—is not in dispute. The other three elements, however, are in dispute. Each shall be separately analyzed.

■ *Is the debt for attorney's fees owed to or recoverable by defendant's former spouse, Kimberly?* The majority rule declines to construe § 523(a)(5) strictly and limit its application only to payment made directly to the former spouse. A strict interpretation of § 523(a)(5) is not in accord with its purpose, which is to protect ex-spouses and their children. *In re Papi*, 427 B.R. 457 (Bankr.N.D.Ill.2010). *See also In re Palomino*, 355 B.R. 349, 357 (Bankr.S.D.Fla.2006), which states that the law is well settled that the attorney who was awarded fees in a dissolution action and related litigation has standing to seek payment of these fees in bankruptcy, even if the award is to the attorney directly rather than to the former spouse. *See also In re Johnson*, 2011 Bankruptcy Lexis 1055 (Bankr.D.Mass.2011), which holds that the weight of authority is that attorney's fees payable directly to the attorney are nondischargeable. This court embraces that majority rule.

■ *Is this debt in the nature of support?* In *In re Sullivan*, 423 B.R. 881, 883 (Bankr.E.D.Mo.2010), the court stated the following:

> In order to determine whether the debt is in the nature of support of the child, the court must consider whether the action which gave rise to the debt has a tangible relationship to the child's welfare.

The record of this case reveals that all of the court orders which were issued in the state court contempt proceedings initiated by Kimberly involved her allegations that the defendant failed to comply with court orders regarding Jillian's general welfare. The attorney's fees which were ordered to

be paid by the defendant directly to the plaintiff were for legal services having a tangible relationship to Jillian's welfare. These legal services were therefore performed for the benefit of both Kimberly and Jillian and were in the nature of support.

■ *Was this debt established by a court order?* Although the various orders for payment of legal fees were made by court orders, the defendant relies upon *In re Rios,* 901 F.2d 71, 72 (7th Cir.1990), and cites the following language:

An order of a court of record mandating the payment of those fees as part of the alimony or child support judgment is required.

The debtor then claims based on *Rios* that the attorney's fees ordered to be paid to the plaintiff are dischargeable because "the circuit court order for payment is not incorporated as part of any judgment of alimony or child support by the circuit court".

The debtor's reliance upon *Rios* is misplaced. *Rios* was decided before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") which the term "domestic support obligation" was defined. *Collier on Bankruptcy* ¶ 523.11 (16th ed.) states:

The term "domestic support obligation" is more expansive than the type of debt covered under the prior version of Sec. 523(a)(5). Under prior law, to be nondischargeable under Sec. 523(a)(5), an obligation must have arisen "in connection with a separation agreement, divorce decree, or other order of a court of record." ... Under current law, the term also encompasses debts that "are subject to establishment" in a separation agreement, divorce decree, property settlement agreement, court order, or other determination by a governmental unit on or after the date of the order for relief in a bankruptcy case.

This court is persuaded that the debtor's obligation to pay the plaintiff's legal fees for services rendered in obtaining rulings in connection with Jillian's welfare is a nondischargeable debt under § 523(a)(5).

*Sec. 523(a)(15)*

■ BAPCPA has made substantial changes to § 523(a)(15). The law before BAPCPA was enacted required a court to determine if the debtor had the ability to repay the obligation and whether the discharge of the debt would yield a benefit to the debtor outweighing the detriment to the former spouse or child of the debtor. That no longer is the law. Under BAPCPA, all debts owed to the spouse, former spouse, or child are nondischargeable regardless of whether the debtor had ability to pay the debt and regardless of whether the discharge to a debtor outweighs the detriment to the former spouse or child. If the debts were incurred in the course of a divorce proceeding, they are nondischargeable. *See In re Tarone,* 434 B.R. 41, 48 (Bankr.E.D.N.Y.2010).

The facts in *Tarone* are similar to the facts in the case at bar—namely, attorney's fee awards were ordered to be paid to the debtor's ex-wife's attorney in marital dissolution proceedings. These fees were found, in *Tarone,* to be nondischargeable.

This court concludes that, even if the legal fees ordered to be paid to the plaintiff did not fit the definition of a domestic support obligation for purposes of § 523(a)(5), they are nevertheless nondischargeable under § 523(a)(15).

### Defendant's Remaining Arguments

The defendant's remaining arguments are without merit as to whether the attorney's fees due to the plaintiff are nondischargeable.

■ The defendant's argument that the state court contempt orders were invalid is

not a matter for this court to decide. As stated in *In re Lesh*, 253 B.R. 849, 853 (Bankr.N.D.Ohio 2000):

> [A] bankruptcy court should be cautious when making any ruling that would in effect overturn a state court decision as the bankruptcy courts were never intended to serve as an avenue through which litigants could collaterally attack the validity of a state court judgment.

In *In re Tadisch*, 220 B.R. 371, 376 (Bankr.E.D.Wis.1998), this court declared: "A bankruptcy court should not place itself in a position of second-guessing a decision by a domestic relations court."[1]

The defendant also argues that, if this debt is declared nondischargeable, it would deprive him of his right to a fresh start and would violate the principle that exceptions to discharge should be strictly construed against creditors and in favor of debtors. In *In re Crosswhite*, 148 F.3d 879, 881 (7th Cir.1998), the court, while recognizing this principle, qualified it as follows:

> That policy of protecting and favoring the debtor is tempered, however, when the debt arises from a divorce or separation agreement.

Finally, the debtor suggests that plaintiff may be "double dipping." Nothing in the record of this case supports that allegation, which is only speculative and is rejected as baseless.

### Conclusion

The court concludes that the plaintiff is entitled to summary judgment and the debtor's obligation to pay the attorney's fees totaling $8,846.75 ordered to be paid directly to the plaintiff constitutes a nondischargeable debt under § 523(a)(5) as a domestic support obligation. Alternatively, even if this obligation was not a domestic support obligation, it would be nondischargeable under § 523(a)(15).

The foregoing constitutes this court's findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052.

A separate order shall be entered.

---

1. The defendant has a pending appeal before the Wisconsin Court of Appeals in connection with the contempt orders made by the Milwaukee County courts. Whether the debtor has raised this issue in his appeal is unknown.