**In re Walter COLLINS, Jr., Debtor.**

**MPC Cash–Way Lumber Co., Plaintiff,**

**v.**

**Walter E. Collins, Jr., Defendant.**

**Nos. 99–3238, 99–33285.**

United States Bankruptcy Court,
N.D. Ohio.

Oct. 25, 2000.

Thomas W. Heintschel, Douglas King, Toledo, OH, for plaintiff.

Walter E. Collins, Jr., Toledo, OH, pro se.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

In the above captioned adversary complaint, the Plaintiff, MPC Cash–Way Lumber Co. (hereinafter referred to as the Plaintiff), seeks a determination that an obligation owed to it by the Defendant, Walter Collins, Jr. (hereinafter referred to as the Defendant), is a nondischargeable debt in bankruptcy. The statutory grounds upon which the Plaintiff relies for its cause of action is 11 U.S.C. § 523(a)(4) which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> > (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

On the issue of the Defendant's liability under § 523(a)(4), the Plaintiff filed a Motion for Summary Judgment. No response or reply thereto, however, was submitted by the Defendant.

The standard for a summary judgment is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In making this determination, a Court is only to consider those materials which would otherwise be admissible at trial, including the parties' pleadings, affidavits, and motions. *Lockhart v. Hoenstine,* 411 F.2d 455 (3rd Cir.1969), *certiorari denied* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244; *In re Hanna,* 163 B.R. 918 (Bankr.E.D.N.Y.1994). Thereafter, once such admissible materials are considered, all inferences drawn from the underlying facts must be viewed in a light most favorable to the non-moving party. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

With regards to the above standard, the Plaintiff asserts that it is entitled to judgment as a matter of law because, in contravention to 11 U.S.C. § 523(a)(4), the Defendant, while acting in a fiduciary capacity, committed an act of defalcation with respect to certain property extended to the Defendant on credit. In support of this assertion, the Plaintiff presented to the Court certain affidavits, which, in conjunction with the other uncontested facts of this case, show that the following events transpired in this case:

The Plaintiff is engaged in the business of selling construction materials and products. The Defendant, who operated under the business name of K.C. Enterprises, was a customer of the Plaintiff. In the year 1997, the Defendant took delivery of certain construction materials, on credit, from the Plaintiff. These construction materials, which had a retail value of Eight Thousand One Hundred Two and 14/100 dollars ($8,102.14), were then utilized by the Defendant to improve a mobile home owned by a Ms. Chase, who considered the construction materials, in combination with the Defendant's labor, to be in satisfaction of a certain debt owed by the Defendant to Ms. Chase. No mechanics lien, however, against Ms. Chase's mobile home, which is located in Lansing, Michigan, was ever filed by the Defendant.

Sometime after the Defendant took delivery of the construction materials, the Plaintiff demanded payment. The Defendant, however, refused, and as a result, the Plaintiff instituted an action in a Michigan state court against the Defendant for payment of the debt. A judgment was subsequently rendered against the Defendant in the amount of Eight Thousand One Hundred Two and 14/100 dollars ($8,102.14), plus interest, costs and attorney fees. However, before the judgment could be enforced, the Plaintiff filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code, listing the Plaintiff's judgment as a general unsecured debt. Thereafter, the Plaintiff filed a timely adversary proceeding, in accordance with Bankruptcy Rule 7001, seeking a determination that the debt represented by the judgment obtained by the Plaintiff against the Defendant is a nondischargeable obligation pursuant to 11 U.S.C. § 523(a)(4).

## LEGAL ANALYSIS

Determinations as to the dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157. Thus, this case is a core proceeding

■ In order to hold a debt nondischargeable for defalcation under 11 U.S.C. § 523(a)(4), the debtor, in addition to actually committing the act of defalcation, must have been acting in a fiduciary capacity. *Davis v. Kindrick (In re Kindrick)*, 213 B.R. 504, 506 (Bankr.N.D.Ohio 1997). In this respect, it is the creditor's burden to establish, by a preponderance of the evidence, that a fiduciary relationship exists. *Tonwe v. Harris–Miles (In re Harris–Miles)*, 187 B.R. 178, 182 (Bankr.N.D.Ohio 1995). In support of this burden, the Plaintiff has argued that the Michigan Builder's Trust Fund Act, (M.C.L.A. § 570.151 et seq.), established a fiduciary relationship between the Plaintiff and the Defendant with respect to the property the Plaintiff advanced on credit to the Defendant.

■ In *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 257 (6th Cir.1982), the Sixth Circuit Court of Appeals held that Michigan's Building Trust Fund Act created a fiduciary relationship with respect to any debtor who is subject to an action brought under § 17(a)(4) of the Bankruptcy Act, which is the predecessor to § 523(a)(4) of the Bankruptcy Code. Subsequent courts interpreting the holding of *In re Johnson* have held that it is equally applicable to § 523(a)(4),[1] a position with which this Court fully agrees with considering that the language of § 523(a)(4) and § 17(a)(4) are nearly identical for purposes of the defalcation exception to discharge.[2] *See Coronet Ins. Co. v. Blumberg (In re Blumberg)*, 112 B.R. 236, 239 fn. 2 (Bankr.N.D.Ill.1990) (for purposes of determining whether a debtor was acting in a fiduciary capacity at the time the debt sought to be held nondischargeable arose, § 523(a)(4) of the Code is indistinguishable from § 17(a)(4) of the Act). Accordingly, for purposes of this case, as long as the Defendant was subject to Michigan's Building Trust Fund Act, the

---

1. *See Cappella v. Little (In re Little)*, 163 B.R. 497, 499–500 (Bankr.E.D.Mich.1994); *Littlejohn v. Englund (In re Englund)*, 20 B.R. 957, 961 (Bankr.E.D.Mich.1982); *Michigan Steel Erectors, Inc. v. Crane (In re Crane)*, 154 B.R. 60, 65 (Bankr.E.D.Mich.1993).

2. Section 17(a)(4) of the old Bankruptcy Act provided that, "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except ... [those which] were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in a fiduciary capacity."

Defendant will qualify as a fiduciary for purposes of § 523(a)(4).

 Under Michigan's Building Trust Fund Act, a contractor doing business in Michigan is prohibited from retaining or using construction payments from a particular project until all laborers, subcontractors, and materialmen, such as the Plaintiff, have been paid. *People v. Brown,* 239 Mich.App. 735, 738, 610 N.W.2d 234, 237 (2000). In particular, § 570.151 of the Act provides that:

> Sec. 1. In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

With respect to the debt at issue in this case, it is clear that the Defendant was a contractor and the Plaintiff was a materialman for purposes of the above statute. However, notwithstanding the initial applicability of the Michigan's Building Trust Fund Act to the Parties' transaction, an issue, as the Plaintiff acknowledges, arises in this case by virtue of the fact that the Defendant was compensated for his services, not in money, but by the forgiveness of a debt. In particular, as Michigan's Builder's Trust Fund Act only applies to a "fund paid" by a person to a contractor, an issue arises in this case as to whether the forgiveness of a debt can be said to constitute a payment to a "fund" within the meaning of the Act.

 After giving this matter careful consideration, the Court finds that the word "fund," as it is used in Michigan's Building Trust Fund Act, is broad enough to encompass any compensation paid to a contractor through the forgiveness of a debt. The Court's reasoning for this rests upon two observations: First, had the Michigan State Legislature desired to limit the applicability of Michigan's Building Trust Fund Act to solely "money" paid, it could have easily used the term "money" in the statute. However, instead the Michigan State Legislature chose to use the term "fund" which is, in its common legal usage, given a broad interpretation. For example, Black's Law Dictionary defines a "fund" as "a generic term and all-embracing as compared with [the] term 'money,' etc., which is specific." BLACK'S LAW DICTIONARY 673 (6th ed.1990). The second reason, the Court believes that the word "fund" is broad enough to encompass payments made through the method of debt forgiveness is that Michigan's Building Trust Fund Act, being a remedial statute, is to be liberally construed so as to advance its purpose, which is to protect people in the construction industry. *People v. Miller,* 78 Mich.App. 336, 343, 259 N.W.2d 877, 881 (1977). In this case, of course, it is clear that the Plaintiff is included within the scope of those persons protected by the Act. Accordingly, to exclude the applicability of the statute solely on the grounds that the Defendant was compensated for his services by the forgiveness of a debt, instead of in actual money, would clearly run contrary to the Act's intentions. In fact, to hold otherwise would create an unintended loophole in the law, as any party(s) wishing to avoid the operation of Michigan's Building Trust Fund Act could, through creative accounting practices, simply designate the payment of certain construction services as the forgiveness of a debt, notwithstanding the fact that money was contemporaneously paid to the contractor for his or her services. Thus, for these reasons, the

Court finds that the Defendant was subject to Michigan's Building and Trust Fund Act, and was thereby acting in a fiduciary capacity for purposes of 11 U.S.C. § 523(a)(4). Accordingly, the only remaining question to address in this case is whether the Defendant committed the act of defalcation for purposes of § 523(a)(4).

 Under § 523(a)(4) defalcation occurs when a debtor misappropriates or fails to properly account for those funds held in a trust. *R.E. America Inc. v. Garver (In re Garver)*, 116 F.3d 176, 180 (6th Cir.1997), *citing Capitol Indemnity Corp. v. Interstate Agency, Inc. (In re Interstate Agency, Inc.)*, 760 F.2d 121, 125 (6th Cir.1985). This standard, which is clearly less than that of embezzlement or larceny, does not require a showing that the debtor acted intentionally, although a showing of mere negligence is insufficient. *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 255–57 (6th Cir. 1982). In this regard, the uncontested facts of this case show that the Defendant purchased, on credit, certain construction materials from the Plaintiff which were then used for improvements to a mobile home owned by a Ms. Chase. The Defendant, however, despite receiving the construction materials on credit, failed in any way to protect the Plaintiff's interest in the property by either commencing payment(s) on the obligation or by filing a mechanics lien in accordance with Michigan law. Such omissions, in this Court's judgment, clearly constitute a failure to properly account for funds held in trust. Accordingly, the Court holds that the Defendant, in his fiduciary capacity, committed the act of defalcation with respect to the Plaintiff's property, and thus the Defendant's obligation to the Plaintiff is hereby determined to be a nondischargeable debt in accordance with 11 U.S.C. § 523(a)(4).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

*ORDERED* that Motion for Summary Judgment submitted by the Plaintiff, MPC Cash–Way Lumber Co., against the Defendant, Walter E. Collins, Jr., be, and is hereby, GRANTED.