**In re Gene Alvin KREPS, Debtor.**

**Gregory J. Pesina, et al., Plaintiffs,**

**v.**

**Gene Alvin Kreps, Defendant and Third–Party Plaintiff,**

**v.**

**Gregory J. Pesina, et al., Third– Party Defendants.**

Nos. 01–3139, 01–31352.

United States Bankruptcy Court, N.D. Ohio.

March 21, 2002.

Jack J. Brady, Esq., Toledo, OH, for Plaintiffs.

Kimberly Vanover Riley, Esq., Cincinnati, OH, for 3rd Party Defendants, Weiher, Restivo, and Christiansen.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a hearing on three separate Motions to Dismiss: A Motion to Dismiss filed by third-party Judicial Defendants, the Honorable Robert G. Christiansen, the Honorable Francis C. Restivo, and the Honorable Roger R. Weiher; a Motion to Dismiss filed by third-party Defendants, the City of Toledo, Carlton Finkbeiner and Deborah Bowen; and a Motion to Dismiss filed by third-party Defendants, Gregory J. Pesina, Robin Pesina, Jack J. Brady, the law firm of Lydy & Moan and its successor, Brady, Coyle & Schmidt. All three of these Motions seek the complete dismissal of the third-party Complaint filed by the Defendant, Gene Alvin Kreps. As the operative facts and legal arguments raised by these Motions are nearly identical, the Court will address them together.

In this case, the Parties seeking to Dismiss the third-party Complaint filed by the Defendant, Gene Alvin Kreps, have raised what are essentially four different legal defenses: (1) lack of subject-matter jurisdiction; (2) the *Rooker–Feldman* doctrine; (3) the Res Judicata doctrine; and (4) the doctrine of Collateral Estoppel. In addition, the third-party Judicial Defendants, the Honorable Robert G. Christiansen, the Honorable Francis C. Restivo, and the Honorable Roger R. Weiher, also raise the legal defense of judicial immunity. With respect to these legal arguments, the Parties, in support of their respective positions, were afforded the opportunity to present both written and oral arguments to the Court. The Court has now had the opportunity to review these arguments, including those arguments raised by Mr. Kreps in his post-hearing memorandum, and for the reasons that will now be explained, finds all of the defenses raised by the third-party Defendants to be well-taken.

## DISCUSSION

The first defense raised against the third-party Complaint filed by Gene Alvin Kreps holds that this Court has no jurisdiction over the subject matter of the Complaint. As it pertains to jurisdiction, three types of proceedings are contemplated by the Bankruptcy Code: (1) a core proceeding; (2) a non-core, but related proceeding; and (3) a non-core proceeding. *In re Athos Steel and Aluminum Inc.*, 71 B.R. 525 (Bankr.E.D.Pa.1987). As it pertains to these types of proceedings, this Court has been conferred with jurisdiction to hear both core and non-core, but related proceedings. 28 U.S.C. §§ 157(b)(1) & 157(c)(1). Purely non-core proceedings, however, are outside the scope of this

Court's jurisdictional authority. In this regard, a non-core proceedings may be identified by reference to these elements: (1) a proceeding that is not specifically identified as a core proceeding under § 157(b)(2); (2) a proceeding which existed prior to the filing of the bankruptcy case; (3) a proceeding which exists independent of the provisions of Title 11; and (4) a proceeding in which the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case. *Parke Imperial Canton, Ltd. v. Developers Diversified Realty Corp. (In re Parke Imperial Canton, Ltd.)* 177 B.R. 544, 548 (Bankr.N.D.Ohio 1994).

In this case, a review of the allegations raised by Mr. Kreps in his third-party Complaint reveals that his Complaint is based, in substance, upon allegations involving civil rights violations, criminal conduct (e.g., conspiracy allegations), and personal injury. Such matters, however, clearly arise outside the context of a bankruptcy case, and thus do not involve any substantive bankruptcy right. Moreover, the Court cannot see how resolution of such issues would effect either the bankruptcy estate of Mr. Kreps or any of the Parties that have an interest in Mr. Kreps' bankruptcy case. As such, it is clear that the allegations raised in the third-party Complaint filed by Mr. Kreps are non-core proceedings over which this Court lacks jurisdiction.

Along this same line, it is observed that the third-party Complaint filed by Mr. Kreps also fails to set forth a basis upon which this Court may validly exercise jurisdiction. In particular, the only grounds for jurisdiction set forth by Mr. Kreps' third-party Complaint were stated to the Court as follows: (1) the third-party Defendants have an "unstated interest" in the proceedings being litigated; (2) jurisdiction is claimed because of a "breach of an agreement" in failing to file an accurate trial transcript; and (3) jurisdiction is also claimed because certain actions by third-party Defendants were "felonious acts" done under color of law. (Third–Party Complaint of Alvin Kreps, at ¶ 8). These matters, however, like the general allegations raised in Mr. Kreps' third-party Complaint, are clearly non-core matters. As a result, the jurisdictional basis set forth by Mr. Kreps in his third-party Complaint does not meet the requirements of Bankruptcy Rule 7008(a) which holds that a plaintiff must set forth in a short and plain statement the grounds upon which the court's jurisdiction depends. In addition, it is noted that such a defect, standing alone, is fatal to the third-party Complaint brought by Mr. Kreps. *Baumeister v. Douglas (In re Sunny Villa Nursing Home, Inc.),* 1994 WL 518955 at *2 (Bankr.N.D.Ohio 1994) (where basis for jurisdiction is not clear, statement of jurisdiction as required by Bankruptcy Rule 7008 is mandatory). *In re Altchek,* 119 B.R. 31, 35 (Bankr.S.D.N.Y.1990) (debtor's complaint was defective for failing to allege whether claims asserted were core or non-core matters, as is required under the Bankruptcy Rules).

Closely related to the above issues, the Movants in this case also claim that this Court lacks jurisdiction over the third-party Complaint filed by Mr. Kreps because of the legal precept known as the *Rooker–Feldman* doctrine. The essence of this doctrine is that the lower federal courts do not have any subject-matter jurisdiction to review state court decisions. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). As a consequence, a party allegedly aggrieved by an improper state court decision cannot seek

redress through the lower federal courts, but is instead required to appeal that decision through the state court system, and then if need be, directly to the Supreme Court of the United States. *United States v. Owens,* 54 F.3d 271, 274 (6th Cir.1995).

 The *Rooker–Feldman* doctrine, however, does not apply in all circumstances where a state court judgment may be potentially affected by a decision issued by a lower federal court. Instead, the *Rooker–Feldman* doctrine only applies when the plaintiff's alleged injury arises from the actual state court judgment itself and not from any claim distinct and separate from the state court judgment. *Rizzo v. Sheahan,* 266 F.3d 705, 713–14 (7th Cir. 2001). Such a determination may be made by asking whether the federal court proceedings are "inextricably intertwined" with the state court judgment. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998). For purposes of this analysis, the Sixth Circuit Court of Appeals has stated that a federal and state claim are inextricably intertwined if:

> the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court [decision].

*Id.*

In this case, Mr. Kreps seeks more than a Million dollars in damages, the grounds of which are based upon those allegations made in Mr. Kreps' previous state and federal court actions. Thus, it is apparent that a ruling in Mr. Kreps' favor would have the effect of overturning those prior decisions reached by the Ohio State courts. Furthermore, as it concerns the previous actions brought in state court by Mr.

Kreps, the Court cannot deduce from the record any independent basis for his Complaint; that is, the third-party Complaint brought by Kreps in the instant case is nearly identical to those issues previously adjudicated by both the federal and state courts. Accordingly, for these reasons, the *Rooker–Feldman* doctrine is applicable in this case, and thus for the above-stated reasons, the Court must decline to exercise jurisdiction over the third-party Complaint brought by Mr. Kreps.

 In addition to raising the jurisdictional issues set forth above, the Movants in this case also rely on the related doctrines of res judicata and collateral estoppel. The essence of these doctrines is that a litigant should not be burdened with relitigating an identical claim or issue with the same party or his privy. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). To this end, the doctrine of res judicata applies when three requirements have been met: (1) there is a final judgment on the merits; (2) the second suit consists of the same cause of action; and (3) the parties involved in both suits are the same parties or parties in privity. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983). Similarly, the doctrine of collateral estoppel, which is sometimes known as issue preclusion, provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

 In this case, it is clear that the parties involved in the instant third-party

Complaint are identical to those Parties which were previously involved in the federal and state court actions brought by Mr. Kreps. Additionally, this Court can see no substantive difference between those claims asserted in Mr. Kreps' third-party Complaint as compared to those claims which were previously litigated by Mr. Kreps in both federal and state court. In this regard, Mr. Kreps, in his arguments to the Court, did not offer to the Court any viable explanation as to how the claims in his third-party Complaint differ from those matters previously addressed in his federal and state court actions. Accordingly, as the previous federal and state court litigation brought by Mr. Kreps proceeded to a final judgment on its merits, the Court finds that the related doctrines of res judicata and collateral estoppel are applicable. In coming to this conclusion, the Court observes that the Sixth Circuit Court of Appeals has already applied the doctrines of res judicata and collateral estoppel in Mr. Kreps' prior federal lawsuit. *Kreps v. Pesina,* 1999 WL 1045244, 1999 U.S.App. LEXIS 29710 (6th Cir., Nov. 8, 1999). Specifically, the Sixth Circuit stated, under circumstances very similar to that of the instant case, that "the district court properly found that Kreps's prior state court actions have preclusive effect on his federal lawsuit." *Id.*

 The final issue raised in this matter holds that the third-party Complaint brought against the Honorable Robert G. Christiansen, the Honorable Francis C. Restivo and the Honorable Roger R. Weiher should be dismissed on the basis of judicial immunity. The doctrine of judicial immunity holds that judges are absolutely immune from liability for damages for acts which are performed in a judicial capacity. *Forrester v. White,* 484 U.S. 219, 227–28, 108 S.Ct. 538, 544–45, 98 L.Ed.2d 555 (1988). The clear purpose of this doctrine

is to permit judges to freely exercise their duties without fear of harassment from dissatisfied litigants. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). In this case, although Mr. Kreps has alleged that the judges named herein were acting "outside of their authorized duties," (third-party Complaint of Alvin Kreps, at ¶ 8), no allegation(s) has been made that these individuals were not acting in their official judicial capacity at the time of the alleged wrong. In fact, it is apparent that Mr. Kreps, by disagreeing with those decisions reached by Judge Christiansen, Judge Restivo and Judge Weiher is in actuality challenging those acts which they performed in their official judicial capacity. Accordingly, with respect to the Honorable Robert G. Christiansen, the Honorable Francis C. Restivo and the Honorable Roger R. Weiher, the Court holds that the doctrine of judicial immunity applies so as to bar Mr. Kreps' third-party Complaint.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits, and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Third–Party Complaint brought by Gene Alvin Kreps, be, and is hereby DISMISSED with respect to the following Third–Party Defendants: the Honorable Robert G. Christiansen; the Honorable Francis C. Restivo; the Honorable Roger R. Weiher; the City of Toledo; Carlton Finkbeiner; Deborah Bowen; Gregory J. Pesina; Robin Pesina; Jack J. Brady; the law firm of Lydy & Moan and its successor, Brady, Coyle & Schmidt.