In re John YEAGER, Debtor.

Nicholas Wilmers, Plaintiff

v.

John Yeager, Defendant.

Bankruptcy No. 12–11079.
Adversary no. 12–01079.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 15, 2013.

Brian A. Ewald, Ronald G. Smith, Loveland, OH, for Plaintiff.

Eric J. Gunderson, Norwood, OH, for Defendant.

## MEMORANDUM OPINION DENYING MOTIONS FOR SUMMARY JUDGMENT

BETH A. BUCHANAN, Bankruptcy Judge.

The plaintiff and the debtor were involved in a physical altercation on New Year's Eve in 2003 resulting in severe and permanent injury to the plaintiff's leg. Following a trial in state court, the debtor was held to be liable to the plaintiff for battery and the plaintiff was awarded a judgment in the amount of $420,000 for compensatory damages. The state court declined to award punitive damages.

The plaintiff commenced this adversary proceeding seeking a determination that the state court judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) for willful and malicious injuries caused by the debtor. The plaintiff moves for summary judgment asserting that the state court judgment preclusively establishes that the judgment debt arises from willful and malicious injuries caused by the debtor and is therefore excepted from discharge. Relying on the same judgment, the debtor filed a cross-motion for summary judgment asserting that the state court judgment preclusively establishes that his actions were not willful and malicious because the state court denied the plaintiff's request for punitive damages.

This Court concludes that the state court judgment is not entitled to preclusive effect on the elements of nondischargeability at issue in this adversary proceeding. The state court judgment does not definitively establish that the debtor's actions were willful and malicious within the meaning of 11 U.S.C. § 523(a)(6) because it is unclear whether the state court found that the debtor intended to cause injury to the plaintiff or rather that he merely intended the acts that led to the injury. Conversely, the state court judgment does not conclusively establish that the debtor's action were not willful and malicious simply because the state court declined to award punitive damages because the state court applied a higher degree of proof in making that determination than is required in this adversary proceeding. Accordingly, both motions for summary judgment are denied.

## I. Background

The debt at issue in this adversary proceeding comes by way of a judgment (the "State Court Judgment")entered by the Hamilton County Court of Common Pleas (the "State Court" and the "State Court Action")against John Yeager (the "Debtor")for injuries sustained by Nicholas Wilmer (the "Plaintiff")during an altercation between the two men at the East End Café ˙on New Year's Eve in 2003. The State Court found by a preponderance of the evidence that the Plaintiff was the "sole victim of a battery" inflicted by the Debtor and awarded the Plaintiff $420,000

in compensatory damages, consisting of $280,000 for past medical expenses and pain and suffering and $140,000 for future medical expenses and pain and suffering. The State Court denied the Plaintiff's request for punitive damages on the grounds that the Plaintiff had not put forth clear and convincing proof of the Debtor's malicious behavior or that he acted in conscious disregard for the rights and safety of another.

Before this Court are the parties' cross-motions for summary judgment regarding the preclusive effect of the State Court Judgment. The Plaintiff argues that the State Court's determination of civil battery preclusively establishes that the State Court Judgment is a debt for willful and malicious injuries caused by the Debtor that is excepted from discharge pursuant to § 523(a)(6).[1] The Debtor counters that the State Court's denial of the Plaintiff's request for punitive damages preclusively establishes that his actions were not willful and malicious. The Debtor notes that an award for punitive damages under Ohio law requires clear and convincing evidence of malicious behavior or actions in conscious disregard for the rights and safety of another. The Debtor argues that, because the State Court expressly declined to make a finding of malice, the Plaintiff is not entitled to a finding of nondischargeability under § 523(a)(6).

## II. *Jurisdiction*

This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## III. *Legal Analysis*

### A. *Summary Judgment Standard*

The standard for summary judgment is set forth in Rule 56(a) of the Federal Rules of Civil Procedure (the *"Civil Rules"*), made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Civil Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine" dispute exists only where "evidence is such that a reasonable [finder of fact] could return a [judgment] for the non-moving party." *See id.; Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir.2009). In reviewing a motion for summary judgment, this Court must view all inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 511 (6th Cir.2003).

### B. *Section 523(a)(6) Standard For Determining Exception To Dischargeable For Debts Caused By Willful And Malicious Injury*

The issue in this adversary proceeding is whether the Debtor owes a non-

---

1. Unless otherwise indicated, the terms "Bankruptcy Code," "Section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq.

dischargeable debt to the Plaintiff pursuant to § 523(a)(6) for inflicting a "willful and malicious injury" to the Plaintiff. "Although the 'willful' and 'malicious' requirements will be found concurrently in most cases, the terms are distinct, and both requirements must be met under § 523(a)(6)." *S. Atl. Neurology and Pain Clinic, P.C. v. Lupo (In re Lupo)*, 353 B.R. 534, 550 (Bankr.N.D.Ohio 2006) (citations omitted). As interpreted by the United States Supreme Court, a "willful" injury requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Accordingly, a court must find that "the debtor intended his actions, *and* the debtor either intended his actions to cause injury to the creditor or the debtor believed that injury to the creditor was substantially certain to follow." *Tomlin v. Crownover (In re Crownover)*, 417 B.R. 45, 57 (Bankr.E.D.Tenn.2009) (citing *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464–65 (6th Cir. 1999)). Because a debtor will rarely admit to a subjective intent to cause injury, "in addition to what a debtor may admit to knowing, a bankruptcy court may consider circumstantial evidence that tends to establish what the debtor may have actually known when taking the injury-producing action." *In re Lupo*, 353 B.R. at 550 (citing *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1106 (9th Cir.2005)).

The term "malicious" is construed in the context of § 523(a)(6) to mean actions taken "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 308 (6th Cir. BAP 2004) (quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986) (internal quotation marks omitted)). While

"in [the] great majority of cases, the same factual events that give rise to a finding of 'willful' conduct, will likewise be indicative as to whether the debtor acted with malice, ... the definition of malice requires a heightened level of culpability transcending mere willfulness." *Superior Metal Prods. v. Martin (In re Martin)*, 321 B.R. 437, 442 (Bankr.N.D.Ohio 2004). In the context of a physical altercation, such is at issue in this adversary proceeding, courts consider whether claims of self-defense, mutual combat or provocation affect whether a debtor had just cause or excuse for inflicting an injury. *See generally* James Lockhart, Annotation, *Claim or Judgment Based on Assault and Battery Other Than Aggravated or Felonious Assault and Battery or Assault or Battery Using Deadly Weapon as Liability for Willful and Malicious Injury Within § 523(a)(6) of Bankruptcy Act (11 U.S.C.A. § 523(a)(6)) and Predecessor Statute, Barring Discharge of Such Liability,* 28 A.L.R. Fed. 2d 179 (2013).

### C. *The Doctrine of Issue Preclusion*

[6, 7] The Plaintiff and the Debtor each assert that the State Court Judgment should be given preclusive effect in this Court on the issue of whether the Debtor inflicted a willful and malicious injury to the Plaintiff. "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been actually litigated and decided." *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir.1999) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Issue preclusion entails the fundamental principle that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies...." *In re Fordu*, 201 F.3d at 703

(internal quotation marks and citations omitted). The doctrine of preclusion "serve[s] the necessary function of conserving judicial and litigant resources and minimize the possibility of inconsistent decisions." *Id.* (citations omitted).

■ Pursuant to 28 U.S.C. § 1738, federal courts must give the same "full faith and credit" to a state court judgment as would be given that judgment under the law of the state in which it is rendered. *In re Fordu,* 201 F.3d at 703. "When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action." *Id.* (citations omitted). Thus, in order for the State Court Judgment to carry preclusive weight in the instant adversary proceeding, "it must be entitled to such effect under Ohio's preclusionary principles." *Chandler v. Alexakis (In re Alexakis),* 2012 Bankr.LEXIS 4164, at *9–10 (Bankr. S.D.Ohio Sept. 6, 2012).

■ Under Ohio law, the doctrine of issue preclusion has four elements:

1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

*Sill v. Sweeney (In re Sweeney),* 276 B.R. 186, 189 (6th Cir. BAP 2002) (citations omitted). The party seeking to invoke issue preclusion has the burden to establish its applicability. *Simmons Capital Advisors, Ltd. v. Bachinski (In re Bachin-*

*ski),* 393 B.R. 522, 535 (Bankr.S.D.Ohio 2008).

### D. Consideration Of The Doctrine Of Issue Preclusion With Respect To The Cross–Motions For Summary Judgment

■ The first and fourth elements for issue preclusion are satisfied based on the record in this case and do not require extensive discussion. The parties fully litigated the issue of the Debtor's tortious conduct in the State Court Action and at the conclusion of the proceedings the State Court entered a final judgment on the merits. The record further shows that the parties to the State Court Action are the same parties who are now before this Court in this adversary proceeding. While not expressly stated by the parties, it can be fairly surmised that the controversy in the parties' respective positions relates to the second and third elements of issue preclusion—in particular, whether the issue in this adversary proceeding is identical to the issue in the State Court Action and whether resolution of that issue was necessary to the final judgment entered in the State Court Action.

The issue in the State Court Action was whether the Debtor committed an intentional tort against the Plaintiff. Following a trial on this issue, the State Court found in favor of the Plaintiff and entered a judgment against the Debtor for inflicting a battery upon the Plaintiff. Accordingly, this Court must consider whether the factual findings necessary to sustain the State Court Judgment for battery are likewise sufficient to sustain a cause of action for willful and malicious injury in this adversary proceeding. *See Ed Schory & Sons, Inc. v. Francis (In re Francis),* 226 B.R. 385, 389 (6th Cir. BAP 1998) ("If the same facts or evidence would sustain both, the two actions are considered the same within

the rule that the judgment in the former is a bar to the subsequent action."); *Smith v. Cornelius (In re Cornelius)*, 405 B.R. 597, 602 (Bankr.N.D.Ohio 2009) (holding that "this comparison necessarily means looking to the factual findings made in the state-court proceeding and asking whether those findings would have been sufficient to sustain a finding that the Defendant's actions were both 'willful' and 'malicious' within the meaning of § 523(a)(6)" (citing *Gonzalez v. Moffitt (In re Moffitt)*, 254 B.R. 389, 394 (Bankr.N.D.Ohio 2000))).

 Under Ohio law, "[a] person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results." *Love v. Port Clinton*, 37 Ohio St.3d 98, 524 N.E.2d 166, 167 (1988) (citing RESTATEMENT (SECOND) OF TORTS § 13 (1965)). The Supreme Court of Ohio, however, has not directly addressed the level of intent that is required to commit civil battery and the Ohio appellate courts appear to be divided on which standard applies. Some Ohio courts adopt the Restatement Second of Torts standard[2] and hold that the requisite level of intent to commit battery exists where " '[the] actor desires to cause the consequences of his act, or * * * believes that the consequences are substantially certain to result from it.' "[3] *Howell v. Wittman*, 2008 Ohio App. LEXIS 2071, at *5, 2008 WL 2122356, at *2 (Ohio Ct.App.,

Summit County May 21, 2008) (quoting *Harasyn v. Normandy Metals, Inc.*, 49 Ohio St.3d 173, 175, 551 N.E.2d 962 (1990) (quoting 1 Restatement of the Law 2d, Torts (1965), 15, Section 8A) (internal quotation marks omitted)); *McRae v. Icon Entm't Group, Inc.*, 2009 Ohio App. LEXIS 4327, at *6, 2009 WL 3089209, at *2 (Ohio Ct.App., Franklin County Sept. 29, 2009) (same). Other Ohio courts, however, hold that "it is not necessary to intend the harmful result [to be liable for battery, but rather] it is sufficient to intend the offensive contact which caused the injury." *Feeney v. Eshack*, 129 Ohio App.3d 489, 718 N.E.2d 462, 464 (Ohio Ct.App., Summit County 1998) (citing *Hunter v. Shenango Furnace Co.*, 38 Ohio St.3d 235, 527 N.E.2d 871, 873 (1988)); *Cooper v. Ernst*, 2011 WL 1897441, at *10–11, 2011 U.S. Dist. LEXIS 53461, at *31 (S.D.Ohio Apr. 13, 2011) (citing *Feeney* ); *Blanton v. Alley*, 2003 Ohio App. LEXIS 2381, at *12, 2003 WL 21152546, at *5 (Ohio Ct.App., Pike County Mar. 18, 2003) (same); *Estill v. Waltz*, 2002 Ohio App. LEXIS 5028, at *7, 2002 WL 31111840, at *3 (Ohio Ct. App., Franklin County Sept. 24, 2002) (same).

The level of intent required to satisfy the "willful" injury element in a § 523(a)(6) action (being "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury," *Geiger*, 523

---

**2.** According to the Restatement Second of Torts, a person is considered to have intended to cause a harmful or offensive contact if such person "desire[d] to cause the consequences of his act, or [if] he believe[d] that the consequences [were] substantially certain to result from it." RESTATEMENT (SECOND) OF TORTS § 8A (1965).

**3.** The Supreme Court of Ohio has adopted this same or similar meaning of intent as relates to exclusions for insurance coverage for "intentional injuries" and employer intentional torts. *See Physicians Ins. Co. v. Swanson*, 58 Ohio St.3d 189, 569 N.E.2d 906, 911

(1991) (holding that "in order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended. It is not sufficient to show merely that the act was intentional."); *Harasyn v. Normandy Metals*, 49 Ohio St.3d 173, 551 N.E.2d 962, 964 (1990) (adopting the Restatement Second of Torts definition of intent in holding that liability insurance policy applied to an employer's tortious act performed with the knowledge that injury was substantially certain to occur).

U.S. at 61, 118 S.Ct. 974) is akin to the former standard adopted by certain Ohio courts. Therefore, preclusion principles would apply in this adversary proceeding if the State Court applied the former standard in rendering the State Court Judgment since the same facts or evidence would sustain both the State Court Judgment and the willfulness element of this § 523(a)(6) action. Conversely, preclusion would not apply if the State Court applied the latter standard adopted by other Ohio courts.

It is not clear from the State Court Judgment or the record before this Court which standard the State Court applied when concluding that the Debtor was liable to the Plaintiff for battery. In its findings of fact, the State Court found that "the more likely scenario" of events that occurred at the East End Café on the night in question was the version of events described by the Plaintiff, being that:

> Plaintiff was struck from behind by the outward swinging gate, as he stood facing the street, by [the Debtor]. Plaintiff was, according to them, then pushed twice, the second push resulting in a fall backwards and the [Debtor] grabbing Plaintiff as they both feel to the ground. The injury to Plaintiff's left knee occurred as the two hit the ground.

State Court Judgment, ¶ 7. The State Court then concluded as a matter of law that "Plaintiff was the sole victim of a battery, inflicted by [the Debtor and the] sole cause of the injury to Plaintiff's left leg was the battery inflicted by [the Debtor]." State Court Judgment, ¶¶ 13, 14. It is unclear whether the State Court found that the Debtor intended to cause injury to the Plaintiff or rather if he merely intended the acts that led to the injury. Consequently, the Plaintiff has failed to establish that the State Court Judgment satisfies the second and third elements for issue

preclusion. Accordingly, the Plaintiff's Motion for Summary Judgment is denied.

 The Debtor's Motion for Summary Judgment is likewise denied. The Debtor argues that summary judgment in his favor is appropriate because:

> To be non-dischargeable under 523(a)(6) debtor must have *intended to cause the injury* and acted with malice. The [State Court] did not find this, and Plaintiff has not produced any evidence to contradict the finding of the [State Court].... [While the] debtor was found to have committed a civil battery, ... when asked to find that debtor acted maliciously, the [State Court] declined such a finding. As such, the debt is not excepted from discharge by 523(a)(6) and Debtor is entitled to judgment as a matter of law.

Debtor's Motion for Summary Judgment, p. 4 (emphasis in the original).

It is not entirely clear from the Debtor's Motion for Summary Judgment which finding the Debtor believes the State Court made (or did not make) that enables him to prevail as a matter of law in this adversary proceeding. The State Court did not make an express finding that the Debtor did or did not intend to injure the Plaintiff. To the contrary, there is a genuine dispute of material fact regarding the Debtor's intent, which precludes granting summary judgment for either party in this adversary proceeding.

To the extent that the Debtor is contending the State Court's finding regarding malice is equivalent to a finding that the Debtor did not intend to injure the Plaintiff, this Court disagrees that State Court Judgment supports such an interpretation. The operative language from the State Court Judgment regarding the subject of malice is as follows:

Plaintiff seeks an award of punitive damages, which requires clear and convincing proof of malicious behavior or conscious disregard for the rights and safety of another. The Court cannot say that the clear and convincing standard has been met. Therefore, the Court declines to make any award of punitive damages.

State Court Judgment, ¶ 20.

While the State Court declined to find that the Debtor acted with malice or with conscious disregard for the rights and safety of another for purposes of awarding punitive damages to the Plaintiff, the State Court applied a higher degree of proof than is required in this adversary proceeding. As noted in the State Court Judgment, the evidentiary standard for a finding of malice for purposes of a punitive damage award under Ohio law is clear and convincing evidence. The evidentiary standard for a finding of nondischargeability under bankruptcy law is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

"Clear and convincing evidence is proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Favors v. Burke,* 2013 Ohio App. LEXIS 724, at *9, 2013 WL 871923, at *3 (Ohio Ct.App. Mar. 7, 2013) (quoting *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118, syllabus ¶ 3 (Ohio 1954) (internal quotations omitted)). The State Court was not presented with the issue of whether the Debtor acted with malice or with conscious disregard for the rights and safety of another under the lesser preponderance of the evidence standard. Consequently, the issue of malice was not actually and directly litigated in the State Court Action and, as such, does not preclude litigation of that issue in this adversary proceeding. *See Ayad v. Farmers New World Life Ins. Co. (In re Ayad),* 2010 Bankr.LEXIS 5072, at *17, 2010 WL 6452896, at *6 (9th Cir. BAP Dec. 13, 2010) (concurring that it would be inappropriate to give preclusive effect in a nondischargeability action to an administrative law decision finding no fraud by the debtor where the standard of proof in the administrative law proceeding was the clear and convincing standard as compared to the lower standard of preponderance of the evidence in a nondischargeability action); *Jan Marini Skin Research, Inc. v. Kohler (In re Kohler),* 2008 Bankr.LEXIS 3942, at *12–13, 2008 WL 5753359, at *5 (Bankr. N.D.Cal. Nov. 6, 2008) (concluding that a state court jury determination that the debtor did not act with malice was not entitled to preclusive effect in a § 523(a)(6) action because the standard of proof for malice in the state court action required clear and convincing evidence versus the preponderance of the evidence standard applicable in the § 523(a)(6) action and, therefore, the issue of malice was not actually litigated in the state court action). Accordingly, the Debtor's Motion for Summary Judgment is denied.

■ While this Court is unable to conclude that the State Court Judgment is entitled to preclusive effect in this adversary proceeding on the elements of nondischargeability, the State Court Judgment is nonetheless binding on this Court with respect to the Debtor's liability to the Plaintiff for battery and the amount of damages awarded in the State Court Action. *See In re Alexakis,* 2012 Bankr.LEXIS 4164, at *21–22 (noting that "[p]ursuant to the doctrine of res judicata or claim preclusion as well as Rooker–Feldman principles, this court cannot re-

visit the Debtor's liability for the judgment debt nor the amount of damages awarded to the [plaintiff] by the state court as those matters have been conclusively determined in the State Court Judgment") (citing *Sliva v. May (In re May)*, 321 B.R. 462, 466–67 (Bankr.N.D.Ohio 2004)). Consequently, this matter will proceed to trial solely for a determination of whether the amount of the judgment awarded in the State Court Action is excepted from discharge pursuant to § 523(a)(6).

## IV. *Conclusion*

For the reasons stated above, the Plaintiff's Motion for Summary Judgment and the Debtor's Motion for Summary Judgment are both DENIED. This case will be set for further proceedings by separate order.

**IT IS SO ORDERED.**